UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

IN RE KOBE ADJEI BLANKSON

**<u>MEMORANDUM & ORDER</u>**
18-CV-6001 (MKB)

-----------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On October 26, 2018, Appellant Kobe Adjei Blankson filed a notice of appeal seeking to appeal an April 19, 2018 Order of the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") denying Appellant's motion to reopen the case and prohibiting him from seeking issuance of subpoenas by the Bankruptcy Court. (Notice of Appeal, Docket Entry No. 1.) On November 28, 2018, the Clerk of Court notified the parties that the record had been received or was available electronically, and directed the parties to follow the briefing schedule as set forth in Rule 8018 of the Federal Rules of Bankruptcy Procedure. (Notice of Bankruptcy R. Received, Docket Entry No. 2.) The November 28, 2018 notice directed Appellant to serve and file a brief within thirty days of the notice. (*Id.*) On May 14, 2019, the Court ordered Appellant to show cause on or before May 28, 2019 why the appeal should not be dismissed for failure to comply with Rule 8018. (Order to Show Cause dated May 14, 2019.) The Court warned Appellant that if he failed to show cause, the Court would dismiss the appeal. (*Id.*) A copy of the Order was mailed to Appellant on May 14, 2019. (*Id.*) To date, Appellant has not complied with the Court's Order to show cause nor filed a brief in accordance with Rule 8018. For the reasons discussed below, the Court dismisses the appeal without prejudice.

## I. Discussion

Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, a litigant appealing a decision of a bankruptcy court must file an opening brief within thirty days "after the docketing of notice that the record has been transmitted or is available electronically," unless such time limit is excused or another is specified by order of the district court. Fed. R. Bankr. P. 8018(a)(1). When an appellant fails to timely file a brief, a district court may dismiss the appeal upon a motion or *sua sponte* after notice is provided. Fed. R. Bankr. P. 8018(a)(4). A district court is not required to dismiss an appeal for failure to file a timely brief, but "should exercise discretion to determine whether dismissal is appropriate in the circumstances." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) (citations omitted); *see also In re Residential Capital, LLC*, No. 16-CV-8549, 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016) (same). A district court may accept an untimely filing "where the failure to act was the result of excusable neglect." *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005); *see also* Fed. R. Bankr. P. 8002(d)(1) (permitting an extension of the time to appeal "upon a party's motion that is filed: (A) within the time prescribed by [the] rule; or (B) within 21 days after that time, if the party shows excusable neglect"); *Matter of AMR Corp.*, 566 B.R. 657, 663 (S.D.N.Y. 2017) ("Bankruptcy Rule 8002(d) . . . allows a party to move for an extension, either within fourteen days after entry of the judgment or order being appealed or within twenty-one days after that time if the party shows excusable neglect."); *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (same).

"[T]he determination of whether to permit an untimely action must be made 'taking account of all relevant circumstances surrounding the party's omission,' including '[(1)] the danger of prejudice to the debtor, [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable

2

control of the movant, and [(4)] whether the movant acted in good faith.'" *In re Lynch*, 430 F.3d at 603 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has taken a "hard line" in applying this test, and "[t]he burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d at 121, 122 (citation omitted). Moreover, while in the "typical" case, three of the four factors — the length of the delay, the danger of prejudice, and the movant's good faith — "usually weigh in favor of the party seeking the extension," courts in this Circuit "focus[] on the third factor" — whether the delay was within the reasonable control of the movant. *Id.* at 122 (citation and internal quotation marks omitted). With respect to the third factor, the Second Circuit has concluded that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule" where the rule is "entirely clear." *Id.* at 123 (alterations omitted) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367 (2d Cir. 2003)).

Appellant has failed to comply with the Federal Rules of Bankruptcy Procedure and the Court's Order. Since the filing of the notice of appeal on October 26, 2018, there has been no activity on the docket other than the Clerk's and the Court's orders. Appellant has not filed his brief, sought an extension of time to do so, or complied with the Court's order to show cause. This alone is a sufficient reason to dismiss the appeal. *See In re MF Glob. Holdings Ltd.*, No. 17-CV-167, 2017 WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017) (dismissing appeal where the appellant did not file designation and statement in a timely manner and did not make any submission in response to the court's order to show cause); *In re Residential Capital LLC*, 2016 WL 7477558, at *2 (dismissing appeal where the appellant failed to file his opening brief within the time provided, respond to the court's order to show cause, or request an extension of time); *In re Berlin & Denmar Distribs., Inc.*, No. 14-CV-05749, 2014 WL 4354748, at *2 (S.D.N.Y.

Sept. 2, 2014) (finding "ample reason to dismiss [the] appeal" where the appellant failed to file an appeal brief, request an extension of time, or respond to the appellee's motion to dismiss, and provided "no excuse" for failing to do so); *FPSDA I, LLC v. Larin*, No. 13-CV-1093, 2014 WL 108419, at *2 (E.D.N.Y. Jan. 8, 2014) (dismissing appeal where appellants had "not sought to litigate the appeal in any manner since filing the [n]otice of [a]ppeal"); *In re Bristol*, No. 09-CV-1683, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) ("Many courts have found an appellant's failure to timely file a brief inexcusable where . . . the appellant failed to provide an explanation for its failure to file an appellate brief many months after the [n]otice of [d]ocketing [b]ankruptcy [a]ppeal."); *In re Futterman*, No. 99-CV-8793, 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001) ("Courts in this [d]istrict have dismissed appeals for an appellant's complete failure to file a brief, as opposed to a late filing." (collecting cases)).

Moreover, while in a "typical" case, the length of delay, the danger of prejudice, and good faith weigh in favor of a party "seeking an extension," *In re Enron Corp.*, 419 F.3d at 122, in this case, Appellant has not sought an extension. However, even assuming that these three factors weigh in Appellant's factor, the Court cannot find that the remaining factor — the reason for the delay — weighs in Appellant's favor. Appellant has failed to make any submissions in this case — explaining the reason for the delay or otherwise — since filing the notice of appeal over a year ago. Appellant has therefore done nothing to satisfy his burden of showing excusable neglect. *In re Enron Corp.*, 419 F.3d at 121 ("The burden of proving excusable neglect lies with the late-claimant." (citation omitted)). Accordingly, the Court dismisses the appeal. *See In re Residential Capital LLC*, 2016 WL 7477558, at *3 (dismissing appeal because the court had "no information regarding the reason for [the appellant] having missed the deadline to file his brief").

4

## II. Conclusion

For the foregoing reasons, the Court dismisses the appeal without prejudice. The Clerk of Court is directed to close this case.

Dated: June 17, 2019
      Brooklyn, New York

SO ORDERED:

      <u>s/ MKB</u>
MARGO K. BRODIE
United States District Judge